1

# UNITES TATES DISTRICT CURT
## DISTRICT OF MARYLAND (GREENBELT DIVISION)

_____ ENTERED
_____ RECEIVED

FEB 0 7 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| ANDREA JACKOSON CANNON, | ) |
| | ) |
| 12400 Fort Washington, Road | ) |
| Fort Washington, Maryland 20744 | ) |
| | ) |
| Plaintiff, | ) |
| Vs, | ) |
| | ) |
| WELLS FARGO BANK, National | ) |
| Association And Affiliate, Wells Fargo | ) |
| Insurance Corporation | ) |
| P.O. Box 8129 | ) |
| Jacksonville, Florida 32239-0129 | ) |
| | ) |
| Defendant(s) | ) |

CASE NO: RWT 12 CV 0377

Jury Demand

Consumer Fraud Action
Violation of Maryland
Unfair or Deceptive Trade
Practice Act/Truth and Lending Act

Jurisdiction 28 USC 1331-1332-15-1640

## PLAINTIFF'S FIRST-ORIGINAL- COMPLAINT
## COUNT ONE

COMES NOW, Plaintiff, Andrea Jackson Cannon, ("Plaintiff"), individually and on behalf of other

similarly situated individuals, files this Original-First Complaint- against Wells Fargo Bank, National

Association and Affiliate Insurance Corporation as one Defendant ( "Wells Fargo,") in that said affiliate

is an Agency of Defendant Wells Fargo Bank National Association, and in support

thereof, respectfully states the following:

A. Parties and Jurisdiction

1. Plaintiff, Andrea Jackson Cannon is an adult Untied States Citizen and a resident of the State

   of Maryland and is the owner of residential property located at 12400 Fort Washington, Road,

   Fort Washington, Maryland, hereafter, the "Property", and is a "consumer" within the

   meaning of the Maryland Unfair or Deceptive Trade Practice Act, Maryland Code sec.13-101

   et seq.

2

2.  Defendant, Wells Fargo Bank National Association, was at all material times hereto,

a Foreign Corporation doing business in the State of Maryland which included

the service of mortgage loans which constituted collection of consumer debts,

and is thus subject to the provisions Maryland Code sec. 13-101.1, 13-303 (3) , and 13-303 (4)

and is also "creditor" as defined by the Federal Truth In Lending Act (15 USC sec 1602 (f).

3.  Defendant has a subdivision, hereafter, (" Wells Fargo Insurance , Inc.") which is a

licensed insurance agency and affiliate of Wells Fargo Bank, N.A.. Wells Fargo Insurance ,

Inc., which admittedly receives a commission on the Insurance it obtains for

property in which Defendant has a collateral interest.  Wells Fargo Insurance, Inc.,

Transact business in the State of Maryland from the State of Florida and is engaged in issuing

Collateral Insurance Protection (CIP) and collecting premiums from owners of real property

of which Defendant has a collateral interest. Defendant Wells Fargo Insurance, Inc., is a

consumer and   collector of consumer debts, and is thus subject to the provisions of Maryland

Code sec. 13-  101.1, 13-303 (3), and 13-303 (4) and is a "creditor" as defined by the  Federal

Truth In  Lending Act (15 USC sec. 1602 (f)).

<u>JURISDICTION</u>

4.  Jurisdiction of the Federal claims is proper in this Court pursuant to 15 U.S.C .sec.

1601et. seq. and 15 U.S.C. sec. 1640 ( e ) .

5.  Jurisdiction over the state –law claims is proper under the doctrine of Supplemental

or Pendent Jurisdiction pursuant to 28 U.S.C. sec. 1367 (a).

6.  Jurisdiction of this Court is also invoked pursuant to 28 U.S.C sec. 1332 Diversity of

Citizenship of Plaintiff and Defendant, in that Defendant is a foreign corporation and the

required amount in controversy exceeds $75,000.

7.  Jurisdiction of this Court, as to the Plaintiff's claims against Defendant(s) pursuant to

violations of Federal statutes and laws, is based upon 28 U.S.C. sec. 1331.

## VENUE

8.  To the extent that Defendant(s) Wells Fargo N.A , and Wells Fargo  Insurance Inc.,

operates Bank-lending Institutions- in the State of Maryland, the subject property in located

in the state of Maryland, Prince George's County, venue is proper pursuant to 28 U.S.C. sec

1391 (a).

## CLASS ACTION ALLEGATIONS

9.  Plaintiff  brings this action as a class action against Defendants and its affiliate, Wells

Fargo Insurance, Inc., on behalf a class consisting of all persons or entities in the State of

Maryland who have suffered as a result of Defendants' deceptive trade practice in

Unilaterally Obtaining Unnecessary (CPI) at the Consumer-borrower's expense even when

the borrowers have provided evidence of other applicable insurance coverage sufficient to

secure Defendant's Collateral interest in real property owned by the consumer pursuant to a

security note or a deed of trust.

10. The members of the Class are so numerous that joiner of all members is impracticable.

Upon information and belief, there are thousands of members of the Class, whose identities

can be easily ascertained from the files and records of the Wells Fargo Defendants and from

other sources.

11. Common question of law and fact predominate over any question affecting the

representative Plaintiff and the members of the Class, include but not limited to, the

following:

(a) Whether Defendants unilaterally, without the consumer implied or expressed consent, purchased at the consumer expense, unnecessary Collateral Protection Insurance (CPI) coverage while at all times knowing that said customer had already sufficiently secured sufficient coverage for the protection of Defendants' Collateral Interest in real property and other types of property owned by the customer pursuant to a security interest held by Defendant.

12. Adjudicating separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individuals members of the Class and would establish standards of conduct for the Parties opposing the Class. Likewise, adjudications with respect to individual members of the Class, as a practical matter, be dispositive of other class members who are not parties to the adjudication or would substantially impair or impede their ability to protect their interests. A class action is appropriate for the fair and efficient prosecution of this action and would allow litigation of claims that, in view of the expense of litigation, would clearly be insufficient in amount to support separate actions.

## GENERAL FACTUAL ALLEGATIONS APLICABLE TO ALL CLAIMS FOR RELIEF

13. At all times herein, Plaintiff, Andrea Jackson Cannon, owned real property located at 12400 Fort Washington Road, Fort Washington, Maryland 20744 (PROPERTY) pursuant to a Deed of Trust held as collateral (security) for the mortgage debt on said property.

14. The Deed of Trust for said Property was executed on or about May 8, 2007 at

Defendants' Market Square Office in the District of Columbia.

15. The Debt instrument ( promissory note) stated that Defendant, then Wachovia Bank National Association, 301 South College Street, VA 0343, Charlotte, NC .,Plaintiff owed Defendant $178,659.60. The amount of said debt is now less than the original;168,681.94. See Attachment   (D.T ) Deed of Trust representing the contract between Plaintiff and Defendant.

16. Subsequently, Wachovia Bank became Defendant, Wells Fargo, who assumed all responsibilities of Wachovia including those contained in Attachment (D.T.).

CERTIFICATE  OF  INSURANCE
PURCHASED  BY  PLAINTIFF
COVERAGE  AMOUNT  $704,000

17. Said property was insured in the amount of $704,000 by Great American Insurance Co, U.S. Fire Insurance Co. , through Old Dominion Insurance Agency. The Coverage extended from April 15, 2011 to April 15, 2012, Designated  Certificate Holder, First Mortgagee Wells Fargo Bank, P.O. Box 8129, Jacksonville, Florida.  See Exhibit #1, Certificate of liability Insurance. The premium cost to Plaintiff for the coverage was $1,763. See Exhibit 1-A Businesspro Property Coverage Part Declaration Page.

UNNECESSARY  COLLATERAL   PROTECTION  INSURANCE  BY  DEFENDANT(S)
Total premium $15,855.50

18.    At some time either in 2010 or 2011, Defendant charged Plaintiff a premium of  Seven Thousand, Eight Hundred and Forty Four ($7,844.30 ) Dollars and a premium of Eight Thousand and Eleven ($8,011.20) Dollars for Collateral Protection Coverage on Property 12400 Fort Washington Road, Fort Washington, Maryland 20744. See Exhibit#3 Statement

of the premium Cost; $7,844.30 and Exhibit #4, statement of premium cost: $8,011.20, from

Defendant. These documents represent Defendant's decision to cancel the coverage and to

refund the premiums because Plaintiff already had coverage on said property simultaneously

with Defendants (CPI). Both Exhibits contain the same date of cancelation as 01/10/12 with

the same account number with different policy numbers, however, Exhibit #4 contains a

Loan Number, Exhibit#3  contain an account number that is the same as the loan number

on Exhibit #4.

### COVERAGE CONFIRMED
### (CPI)  NOT  NECESSARY

19. Old Dominion Insurance Agency informed Defendant by phone and perhaps through

other means,  of Plaintiff's existing coverage.: " *Per our telephone*

*conversation with Suqinta Henderson on November 7, 2011, following is the evidence of*

*property insurance form for the policy term 04/15/2010 to 04/15/2011 and 04/15/2012.*

*Please refund any premium that was  charged for the forced placed insurance as Mrs.*

*Cannon has had coverage on this property.*" See Exhibit #5; Letter from Old Dominion,

dated November 7, 2011. The loan number on Ex#5, match the loan number on Ex#4, but

again, there is no loan number on Ex#3.

20. The Truth In Lending Act, as to full disclosure of the terms of the Debt Instrument (Deed

of Trust-Promissory Note) Deed of Trust herein, Defendant was required to inform Plaintiff,

in said document, the condition prerequisite for CPI. At paragraph Five (5) of the Deed of

Trust, defendant expressly states the condition  for its application of CPI. If the

Plaintiff- Customer- "fails to maintain any of the coverage described above, Lender may

obtain insurance coverage at Lender' option and at Borrower's expense" See  Ex# D.T.. The

terms failed to disclosed to Plaintiff that Defendant would obtain CPI simultaneously with

Plaintiff's existing coverage which secured Defendants' collateral interest in said property.

## EXTENT OF EXISTING COVERAGE BY PLAINTIFF

21. Defendant(s)' Collateral Interest in said property was at its highest amount was

$178,659.60. Plaintiff's coverage of the collateral interest was $704,000. Plaintiff's coverage

of Defendant's collateral interest exceed the amount of said interest by   Five Hundred

Twenty Five Thousand Three Hundred and Forty One ($525,341.) Dollars.

22. Defendant never provided Plaintiff with a Policy Documenting the CPI.

23. Defendant never provided Plaintiff with Prior notice of its intent to obtain CPI.

24. Defendant never reimbursed Plaintiff for the premium it charged Plaintiff for the

purchase of the CPI.

25. At all times herein and prior to Defendant(s) decision and acts of obtaining the CPI,

Defendant had actual notice, knowledge and documented information that Plaintiff's

property was insured and that their collateral interest was insured in the amount of $525,341,

in excess of the interest it had in the collateral.

26. At no time herein did Plaintiff provide her expressed or  implied consent for Defendant to

obtain CPI.

## POLICY, CUSTOM  PRACTICE  AND  PROCEDURER

27. Paragraph Five is a standard  Insurance Clause in Wachovia's Deed of Trust

Instrument. Defendant , as a Policy, Custom, Practice and standard Procedure,

intentionally, maliciously and fraudulently  uses Paragraph Five to mislead Plaintiff and

consumers similarly situated as Plaintiff to charge Plaintiff and others thousands of

dollars in unilateral, unnecessary and unauthorized CPI, with full knowledge that

Plaintiff and other Consumers similarly situated as Plaintiff, had obtained and maintain

coverage sufficient to protect Defendant's Collateral Interest.

## INTENT TO USE PARAGRAPH FIVE OF THE DEED OF TRUST TO AVOID LIABILITY FOR FRAUD

28. Defendant strategically planned to use Paragraph Five of the Deed of Trust as a defense

for its fraudulent acts, customs, practices and policies of obtaining unnecessary CPI.

Paragraph five Notice Provision of Insurance Coverage set the condition for CPI. Defendant,

in fraudulently contending that it was unaware of Plaintiff's Insurance Coverage, or that

Plaintiff failed to provide notice to Defendant of said coverage, Defendant would only face a

negligent cause of action rather than a fraudulent one in a court of law.

Therefore, with this calculated defense, Defendant felt at liberty to defraud Plaintiff and

similarly situated Consumers with the expectation of impunity.

## CREATION OF WELLS FARGO INSURANCE AS AN AVENUE TO LEGITIMIZE WLELS FARGO'S FRAUDLUENT ACTS

29. Defendant, Wells Fargo, created Wells Fargo Insurance, Inc., for the purpose, inter

alia, to disguised the process of fraudulently obtaining CPI ,passing the premiums for

the purchase of the CPI to the Plaintiff- Consumers, and receiving a kick back in the

form of a commission for the CPI, and not informing the Customer-Plaintiff of the

transaction;not providing a written Insurance Policy to Plaintiff- Consumers, and to

continue to obtain unnecessary CPI and passing the premium cost to Plaintiff and

Consumers in a surreptitious manner so as to avoid detection by Plaintiff – Consumers.

## RELATIONSHIPS

30. Plaintiff ,at all times herein, was a customer as to Defendant in that she maintain an

account with Defendant relative to said property; Plaintiff, at all times herein was Party to

Contract with Defendant, in that the Deed of Trust for said property constituted a contract

between Plaintiff and Defendant, said Deed of Trust- Contract- is subject to the disclosure

requirements of the Truth In Lending Act (15 USC sec. 1602 (f),  through defendants

transaction. Plaintiff was an unaware-Policy Holder of the CPI fraudulently obtained by

Defendant, and a Debtor for the fraudulent Premiums for the CPI obtained by Defendant.

First Cause of Action<br>
BREACH OF CONTRACT<br>
DUTY OF CARE

31. Plaintiff repeats and incorporates all allegations and facts contained herein.

32. By Contract between Plaintiff and Defendant, Defendant owed Plaintiff a duty of

reasonable care : (1) to honor the terms of the contract; (2) to inform Plaintiff of any changes

to the terms of the contract, (3) to inform Plaintiff of its intent to obtain CPI before

Defendant obtain CPI, with the reason for the obtainment; (4) to acquire Plaintiff's consent

for CPI  along with information of existing Insurance Coverage prior to obtaining CPI; (5) to

provide Plaintiff with proof of the CPI through an insurance binder containing the terms of

the CPI Policy; (6) to not charge Plaintiff for the premium of the CPI without her prior

notice, knowledge and consent and (7) to not obtain CPI with full knowledge that Plaintiff

had already secured coverage that adequately  protected Defendant's Collateral and (8) to act

in and exercise  good faith  within the boundaries of the Laws of the State of Maryland in

Defendant's enforcement and performance of the contract terms.

BREACH OF DUTY OF CARE

33. Defendant breached the Eight  Duty of Care it owed to Plaintiff, by not honoring the

terms of the contract, informing Plaintiff of its intent to obtain CPI and to charge her with the premium for the purchase of the same, obtaining CPI without Plaintiff's notice, knowledge or consent, not providing Plaintiff with the Policy representing the CPI, obtaining the CPI unilaterally and unnecessarily with the full knowledge that Plaintiff has already obtained coverage sufficient to protect Defendant's collateral interest and acting in bad faith as to enforcing the terms of the contract. Defendant(s) acts also violated the Maryland Deceptive Trade Practice Laws, Consumer Protection Act Title 13-301  Sec (2) (i) "consumer realty" (iv) Consumer goods, consumer realty under which Defendant owed Plaintiff a statutory duty of care that contains the above Eight (8) enumerated duty of care.

## CAUSATION

34. Defendant(s) acts and omission to act constituted a breach of contract.

## DAMAGES

35. As a direct and proximate result of Defendant's breach of Contract, Plaintiff suffered financially in an amount in excess of Fifteen Thousand ($15,000) Dollars.

## PRAYER FOR RELIEF

36. Plaintiff prays for relief in the form of restitution, in that Defendant credit her account with the full cost of the premium it illegally charged her for the Unnecessary, unauthorized and unconsented  CPI and any further relief available to Plaintiff under the consumer protection laws of the State of Maryland and under the Truth In Lending Act.

## COUNT TWO

## VIOLATION OF MARYLAND UNFAIR OR DECEPTIVE TRADE PRACTICE ACT

37. Plaintiff restate and incorporate all allegations and facts in paragraph one through thirty

six herein count two.

38. Defendant(s) is subject to the Maryland Unfair or Deceptive Trade Protection Act ( the

"Act") as Defendant extended consumer credit to Plaintiff pursuant to a consumer Contract

" Deed of Trust" real property under Maryland Commercial Code Title 13-301 (2) (i)and (iv)

and engaged in collecting CPI premiums from Plaintiff for the obtainment of unnecessary

and unilateral purchase of CPI  ( collection of Consumer Debt by way of premiums and

mortgage payments )under section 13-101.1, 13-303 (3) and 13-303 (4) and 13-303 (4).

## DUTY  OF CARE

39. Defendant owed Plaintiff a duty of reasonable care

(1) to not make false and misleading oral or written statements and other representation which

had the capacity , tendency, or effect of deceiving or misleading the Plaintiff ( Maryland

Code sec. 13-301 (1));

(2) to not fail to state a material fact if the failure would deceive or tend to deceive Plaintiff.

( Maryland Code sec. 13-301); and

(3) to not engage in deception, fraud, false pretense, false premise, misrepresentation , and

knowling concealment and omission of material facts with the intent that Plaintiff relied

thereon in connection with the sale of consumer services.

## BREACH OF THE THREE DUTY OF CARE

(3-1) Defendant at all times had actual knowledge that Plaintiff has sufficient coverage on

said property for Defendants' collateral interest. Defendant used the terms of the Deed of

Trust, paragraph Five, to mislead Plaintiff that it had the authority to obtain the CPI. Such

had the capacity to mislead Plaintiff in reliance on Defendant's representation.

(4-2) Defendant intentionally omitted a material fact; i.e., Plaintiff had full coverage for

Defendant's Collateral Interest but defrauded Plaintiff by omitting to seek her prior consent

for the CPI, obtaining the CPI knowing that the same was not necessary, and leading Plaintiff

to believe by the terms of the Deed of Trust that said purchase of the CPI was within the

terms of the Deed of Trust;

(5-3). The premise upon which Defendant obtained the CPI was known by Defendant to be

false. Yet Defendant, in furtherance of its fraudulent acts, concealed the same from Plaintiff

by not affording her a written policy for the CPI and omitting material facts about the

existence of the CPI and secretly charging Plaintiff more than $15, 000 in premium payments

for the CPI and taking a kickback from said premium payments in the form of a Commission

for handling the illegal transaction. Defendant's fraudulent acts and omission are outrageous

and shocks the conscious of a sane society.

## CAUSATION AND PRAYER FOR RELIEF

40. With all things considered, Plaintiff prays for Punitive Damages in the amount of Three

Million ($3,000,000) Dollars and reasonable attorney fees Pursuant to Code Sec. 13-408 (b).

## COUNT THREE
## FRAUDULENT CONCEALMENT AND FRAUDULENT MISREPRESENTATION

41. Plaintiff repeats and incorporates all allegations and facts contained herein count one and

Two.

## DUTY OF CARE

42. Defendant owed Plaintiff a duty to take reasonable (1) Not to deceive Plaintiff by

pretending that it did not have actual knowledge that Plaintiff has sufficient insurance

coverage for protection of its collateral interest and thus under the false pretense obtained

CPI and charged Plaintiff with the premium for said purchase (2) Obtaining the CIP unnecessarily, unilaterally, without Plaintiff's knowledge, implied or express consent. (3) Obtaining the CPI for the primary purpose of receiving a kick back ( commission ) for the illegal transaction, (4) and intentionally misusing the terms of the Deed of Trust, Paragraph Five, as a cover for perpetrating fraud upon Plaintiff; (4) Concealing from Plaintiff the existence of the CIP by not providing her with a policy statement of the CPI Coverage.

## BREACH

43. (1) Defendant deceived Plaintiff by pretending it did not know of Plaintiff's insurance coverage on said property;

(2) by obtaining said CIP  unnecessarily under the circumstances;

(4) obtaining the CPI for the primary purpose of illegally obtaining excess and unnecessary premiums from Plaintiff in excess of $15,000 and paying its self ,as an Affiliate, a kick back of funds in the form of a commission;

(5) and concealing from Plaintiff the entire transaction.

## CAUSATION AND PRAYER FOR DAMAGES

44. Defendant' s intentional acts and omission and the breach of the duty of care Defendant owed Plaintiff constitute fraud_, fraudulent concealment, and fraudulent misrepresentation

45. As a direct and proximate result of Defendant fraudulent acts and omissions, Plaintiff has suffered, is suffering and shall continue to suffer financially, in that Defendant refuse to credit Plaintiff's account with the cost of the premiums for the unnecessary  CIP.

46. Plaintiff reasonably relied on Defendant that Defendant would act honestly, and not deceptively, and that Defendant would make full disclosure to Plaintiff of any bank

transaction relative to Plaintiff's property and financial interest. Plaintiff relied to her

detriment as to Defendant adhering to proper and legal banking practices.

45. With all thing considered, Plaintiff seeks punitive damages in the amount of Five Million

($5,000,000) Dollars.


## COUNT FOUR
## BREACH OF FIDUCIARY DUTY

47. Plaintiff repeats and incorporates the allegations contained herein.

48. Pursuant to the customer and banking relationship between Plaintiff and Defendant, the

mortgagee mortgager relationship between Plaintiff and Defendant and the Creditor Debtor

relationship between Plaintiff and Defendant, Defendant owed Plaintiff a fiduciary duty,

which included duty to  (1) Disclose to Plaintiff the management of her Deed of Trust and

security payments for collateral Insurance Protection (2) and to not purchase CIP

unnecessarily; (3) to not charge Plaintiff's account for the CPI without her expressed

knowledge and consent; (4) and to not discredit Plaintiff's account with Defendant with the

sum of the premiums for the purchase of the unnecessary CPI.

## BREACH OF THE FIDUCIARY DUTY

49. Defendant failed and otherwise intentionally refused to obtain affirmative consent from

Plaintiff to authorize Defendant to obtain CPI and to charge her with the premiums for the

CPI. Thus Defendant breached the enumerated duties, one , two, three and four as expressed

in paragraph 48. Defendant's breach was conscious, intentional, deliberate, wanton  and

malicious and contrary to normal banking practices and with reckless disregard for Plaintiff

as a human being.


## CAUSATION AND PRAYER FOR DAMAGES

50. Wherefore, as a direct result and proximate cause of Defendant's willful, wanton .

callous and reckless disregard for the rights of the Plaintiff, Plaintiff prays for an award

of damages, actual and compensatory damages, in the amount of $5,000,000.


## COUNT FIVE
## UNJUST ENRICHMENT

51. Plaintiff repeats and incorporates the allegations contained herein.

52. Defendant's enriched itself as a Banking Institution by unilaterally and unnecessarily

obtaining CPI without Plaintiff's knowledge, expressed or implied consent and thereafter

and at all times operating with full knowledge that Plaintiff has coverage sufficient to protect

Defendant's Collateral Interest, charge Plaintiff with the premium for the purchase of the

coverage and paid a kick back to an affiliate in the form of a commission for the

unauthorized , illegal transaction .

53.   A party cannot induce, encourage or manipulate another to provide or render something

of value to such a party and simultaneously seek to providing any compensation for the value

received .

54. Defendant, is discrediting Plaintiff with more than $15,000 in  premiums payments

for the CPI, under the circumstances, as explained herein, constituted an unauthorized use of

Plaintiff's funds without financial benefit to Plaintiff but with substantial benefit to

Defendant.

53. Through financial investments and financial transaction as a Banking and lending Institution,

Defendant received revenue from Plaintiff's funds and was unjustifiably enriched at Plaintiff's

Expense and to the detriment of Plaintiff.  Defendant's unjust enrichment is traceable to, and

resulting directly and proximately from, Defendant's aforementioned conduct. It is illegal and

unethical to allow Defendant to retain all of the profits generated from the illicit use of Plaintiff's

funds. Defendant should be compelled to disgorge these funds and the amount totaling the

wrongful or inequitable  proceeds received by Defendant.

CONSTRUCTIVE TRUST
DAMAGES

55. Plaintiff further request that the court impose a constructive trust upon all wrongful or

inequitable sums received by Defendant that are traceable to the Plaintiff. Plaintiff prays for

Compensatory damages in the amount of $500,000 and reasonable attorney fees and cost and

to be placed in a position as good as the one she would have occupied had Defendant not

committed its illegal acts.

COUNT SIX
CONVERSION

56. Plaintiff repeats and incorporates the allegations contained herein count one, two, three,

four and five.

57. Defendant illegally obtained Plaintiff's funds and used the same to unjustly enrich itself

through the use of the funds for investment purposes.

58. The used of the funds constitutes conversion of the same. Plaintiff has a legal right to

receive portions of the interest generated by Defendant's use of Plaintiff's funds.

DUTY OF CARE

59. Defendant owes Plaintiff a duty or reasonable care to pay Plaintiff interest for the use of her funds and to refund the principal of the funds in their total amount.

60. Defendant has breached the duty of care in that it has failed and otherwise refused to credit Plaintiff with the premiums amount illegally charged to her for the illegal purchase of the CPI along with interest and profit received from said funds by Defendant during the time the funds were used.

COUNT SEVEN-COMMON LAW NEGLIGENCE
ALTERNATIVELY; NEGLIGENT MISREPRESENTATION

61. **Duty of Care:** Defendant owed Plaintiff a reasonable duty of care to :

   1. Ascertain the existence of coverage Plaintiff had on said property before obtaining the CPI,

   2. Notify Plaintiff of its intent to obtain the CPI and the associated cost;

   3. Acquire Plaintiff's consent to obtain the CPI;

   4. Inform Plaintiff of its action in charging Plaintiff with the premium for the purchase of the CPI.

62. **Breach of the duty of Care** Defendant breached the above four duty of care by not first ascertaining the existing coverage Plaintiff had on said property.

Had Defendant exercised the duty of care it owed Plaintiff, Defendant, prior to obtaining the CPI, would have learned that its collateral was secured by more than sufficient coverage and that the CPI was unnecessary.

63. **Causation and damages:** As a direct and proximate result of Defendant's

negligence and breach of the duty of care owed to Plaintiff, Plaintiff suffered financially,

and emotionally and continue to suffer the same.

64. **Wherefore,** with all things considered, Plaintiff prays for compensatory damaged

and restitution of the funds taken from her by Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  Damages as allowed on each Cause of Action in an amount for which Plaintiff prays, or

alternatively , according to proof at the time of trial;

B.  Disgorgement of improper gains derived by Defendant, Wells Fargo's misconduct;

C.  Punitive  and exemplary damages.

D.  All together with any interest, pre-judgment, cost and disbursements; and reasonable

attorney fees; and

E.  Such other and further relief as this Court deems just and proper.

**Special Note**: The Claim of (Negligent Misrepresentation) is not recognized in many
jurisdictions as a cause of action, because misrepresentation is an intentional act. However, as to
Plaintiff's cause of action sounding in negligence, count seven herein, Plaintiff is alleging that
Defendant intentionally and maliciously created facts and circumstances that take on all the
characteristics of acts and omissions that support a negligent claim. This was intentionally done
to create a defense against intentional tort action and to avoid intentional tort action.

**Demand Trial By Jury**

### VERFIDED COMPLAINT

I, *Andrea J. Can* Andrea Jackson Cannon, having supplied the factual allegations of
the foregoing complaint, having thoroughly read and understood the content of the complaint,
affirms that the factual content of the complaint is true to the very best of my ability and
recollection and therefore I place my signature to the same in the present of a Notary Public on
this ___7___ day of __Feb__ , 2012.

Harry T. Spikes Federal Bar
#02493

P.O. Box 23828
L'Enfant Plaza S.W.
Washington, DC 20016
(202) 288-4175